# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51176
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO JAVIER VEGA-CHAPARRO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-1018-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Vega-Chaparro appeals the sentence imposed following his guilty plea conviction for illegal reentry.  He appeals the district court's application of a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) (2015) to his sentence after finding that his prior conviction under Colorado Revised Statutes § 18-18-405(1)(a) (2003) was a "drug trafficking offense" under the Sentencing Guidelines.  In particular, Vega-Chaparro contends that § 18-18-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51176

405(1)(a) is not divisible under *Mathis v. United States*, 136 S. Ct. 2243 (2016), because it is overbroad and enumerates one offense with alternate methods of commission rather than different offenses.

As Vega-Chaparro concedes, review is limited to plain error because he did not object to the enhancement in the district court. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Under this standard, Vega-Chaparro must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

The district court did not plainly err in imposing the § 2L1.2 sentencing enhancement. Recently, in *United States v. Gomez,* __ F. App'x __, 2017 WL 3888298, **3-4 (5th Cir. Sept. 5, 2017), we assumed without deciding that the district court erred by not finding that the Colorado statute was indivisible. After noting that there was no controlling authority on point and determining that an examination of Colorado law led to conflicting interpretations of the statute, we rejected on plain error review the same argument now raised by Vega-Chaparro. To rise to the level of plain error, a "legal error must be clear or obvious, rather than subject to reasonable debate." *United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009). Because Colorado law on the divisibility of § 18-18-405 remains unclear, Vega-Chaparro has not shown that the district court plainly erred in imposing the § 2L1.2 sentencing enhancement. *See id.* at 377-78; *see also United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010) (holding that a claim that is "novel" and "not entirely clear under the existing case authority" is "doom[ed] . . . for plain error.").

AFFIRMED.